UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODULIO A. PADILLA SARMIENTO, | ) | 1:11-cv-00553-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | REQUEST FOR VOLUNTARY DISMISSAL |
| | ) | OF THE PETITION (DOC. 20) |
| v. | ) | |
| | ) | ORDER DISMISSING THE PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS AS |
| ERIC H. HOLDER, JR., Attorney | ) | MOOT AND DIRECTING THE CLERK TO |
| General, et al., | ) | CLOSE THE ACTION (DOC. 1) |
| | ) | |
| Respondents. | ) | |

Petitioner is being detained by the United States Immigration and Customs Enforcement (ICE) and is proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, and the case was ordered assigned to the undersigned Magistrate Judge on April 28, 2011. Pending before the Court is Petitioner's request for voluntary dismissal of the petition filed on August 23, 2011, which the Court deems to be a

request for dismissal of the petition.

In the petition, Petitioner alleged that his detention was indefinite and punitive in nature, thus violating Petitioner's substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. Petitioner also asserted that his detention was in violation of Respondent's statutory authority. On May 23, 2011, Respondent filed a response to the petition, which is analogous to an answer in other civil proceedings.

Although habeas corpus proceedings are characterized as civil in nature, Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or the rules, may be applied to a proceeding under Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts. The Advisory Committee's Notes caution that the civil rules apply only when it would be appropriate to do so and would not be inconsistent or inequitable in the overall framework of habeas corpus. Mayle v. Felix, 545 U.S. 644, 654-655 n. 4 (2005).

The instant motion presents the Court with concerns that are analogous with those presented by similar motions in other civil actions. The Court seeks to achieve the orderly disposition of cases and to conserve the resources of the Court and the parties. The Court will thus apply the Federal Rules of Civil Procedure in considering Petitioner's motion for dismissal of the case.

Fed. R. Civ. P. 41(a) provides that an action may be dismissed voluntarily by a plaintiff without a court order by noticing the

1 dismissal before an answer is filed, or by stipulation; otherwise,
2 an action may be dismissed at a plaintiff's request "only by court
3 order, on terms that the court considers proper."  Fed. R. Civ. P.
4 41(a).
5     In the request for dismissal, Petitioner states that he was
6 released on bond on July 20, 2011, and is no longer in the custody
7 of ICE.
8     Title 28 U.S.C. § 2241 confers habeas corpus jurisdiction upon
9 the Court to hear this case.  However, where a Court is without
10 power to grant the relief requested, then the case is moot. <u>Picrin-</u>
11 <u>Peron v. Rison</u>, 930 F.2d 774, 775 (9th Cir. 1991) (petition for
12 habeas corpus seeking release from allegedly unlawful, indefinite
13 detention was moot where the government paroled the petitioner).
14 Where a petitioner who seeks release has been released under
15 circumstances where there is no reasonable likelihood that the
16 alleged wrong will recur, the petition is moot and will be
17 dismissed.  <u>Picrin-Peron v. Rison</u>, 930 F.2d 773, 776.
18     Here, the relief sought by Petitioner was a bond hearing and
19 release from the custody of ICE under reasonable conditions of
20 supervision.  (Pet. 13-14.)  Petitioner has demonstrated that he has
21 been released from ICE custody on $25,000.00 bond.  Petitioner
22 raises no issue concerning the conditions of supervision, so there
23 is no basis for concluding that any issue concerning the conditions
24 of supervision remains.
25     Federal courts lack jurisdiction to decide cases that are moot
26 because the courts' constitutional authority extends to only actual
27 cases or controversies.  <u>Iron Arrow Honor Society v. Heckler</u>, 464
28 U.S. 67, 70-71 (1983).  Article III requires a case or controversy

1 in which a litigant has a personal stake in the outcome of the suit
2 throughout all stages of federal judicial proceedings and has
3 suffered some actual injury that can be redressed by a favorable
4 judicial decision. Id. A petition for writ of habeas corpus
5 becomes moot when it no longer presents a case or controversy under
6 Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d
7 477, 479 (9th Cir. 2003).

8      A petition for writ of habeas corpus is moot where a
9 petitioner's claim for relief cannot be redressed by a favorable
10 decision of the court issuing a writ of habeas corpus. Burnett v.
11 Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v.
12 Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See,
13 Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99
14 (9th Cir. 2000). Thus, a moot petition must be dismissed because
15 nothing remains before the Court to be remedied. Spencer v. Kemna,
16 523 U.S. 1, 18 (1998).

17      The Court concludes that the petition is moot and must be
18 dismissed.

19      Accordingly, it is ORDERED that the petition for writ of habeas
20 corpus is DISMISSED as moot, and the Clerk is DIRECTED to close the
21 action because this order terminates the action in its entirety.

22

23 IT IS SO ORDERED.

24 **Dated:   August 24, 2011**              /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE